## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ASHTAIN O'NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **CIVIL ACTION NO.** |
| **OMAR VIZQUEL, BIRMINGHAM** | )     **2:21-CV-01082-ACA** |
| **BARONS, LLC, CHICAGO WHITE** | ) |
| **SOX, LTD, AND CHISOX** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT BIRMINGHAM BARONS, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
## COMPLAINT

**COMES NOW** Defendant Birmingham Barons, LLC ("the Barons" or "Defendant") and submits the following Answer and Affirmative Defenses to Plaintiff Ashtain O'Neal's ("O'Neal" or "Plaintiff") Complaint:

1.      Answering Complaint paragraph 1, Defendant admits Plaintiff purports to bring claims under Title VII, the Americans with Disabilities Act, as amended, and various state laws, denies it has violated the cited statutes or otherwise acted unlawfully, and denies the paragraph's remaining allegations.

2.      Answering Complaint paragraph 2, Defendant admits the Chicago White Sox is a major league baseball team, Defendant is a minor league baseball organization, Defendant Omar Vizquel ("Vizquel") is a former manager assigned to

the Barons, and Plaintiff was employed as a bat boy, denies Plaintiff is entitled to the requested relief or any relief whatsoever, and denies the paragraph's remaining allegations.

3. Answering Complaint paragraph 3, Defendant admits jurisdiction and venue are proper in this Court.

4. Answering Complaint paragraph 4, Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") dated February 7, 2020, admits the EEOC issued a Letter of Determination dated June 4, 2021, admits the EEOC issued a Right to Sue Notice dated June 23, 2021, denies any of the alleged discriminatory acts occurred, and denies the paragraph's remaining allegations.

5. Answering Complaint paragraph 5, Defendant admits upon information and belief Plaintiff is over the age of nineteen and a resident of Walker County, Alabama. Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations.

6. Answering Complaint paragraph 6, Defendant admits, upon information and belief, Defendant Chicago White Sox, Ltd. ("the White Sox") employs fifteen or more employees, admits the White Sox employed Vizquel and other Barons' players and coaches, and denies the paragraph's remaining allegations.

7.      Answering Complaint paragraph 7, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

8.      Answering Complaint paragraph 8, Defendant admits it employs fifteen or more persons and employed Plaintiff, and denies the paragraph's remaining allegations.

9.      Answering Complaint paragraph 9, Defendant admits Vizquel was the Barons team manager in 2019 and the White Sox employed Vizquel, and denies the paragraph's remaining allegations.

10.     Answering Complaint paragraph 10, Defendant denies the paragraph's allegations.

11.     Answering Complaint paragraph 11, Defendant admits it is a minor league baseball organization, the White Sox employs Barons' coaching staff and players, and the White Sox employed Vizquel, and denies the paragraph's remaining allegations.

12.     Answering Complaint paragraph 12, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

13.     Answering Complaint paragraph 13, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

14.     Answering Complaint paragraph 14, Defendant admits Plaintiff applied for a bat boy position with Defendant and was hired in 2019, and denies the paragraph's remaining allegations.

15.     Complaint paragraph 15 contains legal conclusions to which no response is due.  To the extent a response is required, Defendant admits Plaintiff performed bat boy job duties, and denies the paragraph's remaining allegations.

16.     Answering Complaint paragraph 16, Defendant admits Plaintiff performed bat boy job duties, and denies it only employed five bat boys.  Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations.

17.     Answering Complaint paragraph 17, Defendant admits Vizquel won various awards as a major league baseball player and began a coaching career following his retirement as a player, and denies the paragraph's remaining allegations.

18.     Answering Complaint paragraph 18, Defendant admits upon information and belief the White Sox hired Vizquel in or around 2017, Vizquel coached in the White Sox organization during the 2018 season, the White Sox

employed Vizquel and assigned him to serve as the Barons team manager during the 2019 season, and denies the paragraph's remaining allegations.

19.     Answering Complaint paragraph 19, Defendant denies the paragraph's allegations.

20.     Answering Complaint paragraph 20, Defendant denies the paragraph's allegations.

21.     Answering Complaint paragraph 21, Defendant denies the paragraph's allegations.

22.     Answering Complaint paragraph 22, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

23.     Answering Complaint paragraph 23, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

24.     Answering Complaint paragraph 24, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

25.     Answering Complaint paragraph 25, Defendant denies the paragraph's allegations.

26. Answering Complaint paragraph 26, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

27. Answering Complaint paragraph 27, Defendant admits bat boys performed various job duties in and around the locker room, coaches' offices, and clubhouse, and denies the paragraph's remaining allegations.

28. Answering Complaint paragraph 28, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

29. Answering Complaint paragraph 29, because these alleged facts were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

30. Answering Complaint paragraph 30, because these alleged facts were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

31. Answering Complaint paragraph 31, because these alleged facts were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is

without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

32.     Answering Complaint paragraph 32, because these alleged facts were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

33.     Answering Complaint paragraph 33, Defendant admits Plaintiff did not report any sexual harassment at any time, admits Vizquel did not expose his penis to any bat boys, staff, players, or anyone else, denies Plaintiff was subjected to any sexual harassment, and denies the paragraph's remaining allegations.

34.     Answering Complaint paragraph 34, Defendant admits it had a home game on August 22, 2019, admits Plaintiff worked as a bat boy on August 22, 2019, and denies the paragraph's remaining allegations.

35.     Answering Complaint paragraph 35, Defendant admits Plaintiff performed bat boy duties on August 22, 2019, and denies the paragraph's remaining allegations.

36.     Answering Complaint paragraph 36, because these alleged facts were never reported to Defendant, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

37.     Answering Complaint paragraph 37, because these alleged facts were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

38.     Answering Complaint paragraph 38, because these alleged facts were never reported to Defendant, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

39.     Answering Complaint paragraph 39, Defendant denies the paragraph's allegations.

40.     Answering Complaint paragraph 40, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

41.     Answering Complaint paragraph 41, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

42.     Answering Complaint paragraph 42, Defendant denies the paragraph's allegations.

43.     Answering Complaint paragraph 43, Defendant denies the paragraph's allegations.

44.     Answering Complaint paragraph 44, Defendant admits Plaintiff laughed about an encounter with Vizquel on August 22, 2019, and denies the remaining paragraph's allegations.

45.     Answering Complaint paragraph 45, Defendant admits Mike Craven ("Craven") and others were in and around the clubhouse post-game on August 22, 2019, admits that he did not report the incident as described in Plaintiff's Complaint to Craven or allege it in his EEOC charge, and denies the paragraph's remaining allegations.

46.     Answering Complaint paragraph 46, Defendant admits Adam Gutierrez ("Gutierrez") and others were in and around the clubhouse post-game on August 22, 2019, admits he did not report the incident as described in Plaintiff's Complaint to Gutierrez or allege it in his EEOC charge, denies Gutierrez ever told Plaintiff he could not report discrimination or harassment or that anything must be kept secret, and denies the paragraph's remaining allegations.

47.     Answering Complaint paragraph 47, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

48.     Answering Complaint paragraph 48, Defendant denies the paragraph's allegations.

49.     Answering Complaint paragraph 49, Defendant denies Plaintiff was subjected to any sexual harassment.  Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations.

50.     Answering Complaint paragraph 50, Defendant denies the paragraph's allegations.

51.     Answering Complaint paragraph 51, Defendant denies Plaintiff was subjected to any hostile work environment or harassment, and denies the paragraph's remaining allegations.

52.     Answering Complaint paragraph 52, Defendant denies the paragraph's allegations.

53.     Answering Complaint paragraph 53, Defendant denies Plaintiff was subjected to any harassment, and denies the paragraph's remaining allegations.

54.     Answering Complaint paragraph 54, Defendant denies the paragraph's allegations.

55.     Answering Complaint paragraph 55, Defendant denies the paragraph's allegations.

56.     Answering Complaint paragraph 56, Defendant denies Plaintiff was subjected to any "sexually harassing behavior," and denies the paragraph's remaining allegations.

57.     Answering Complaint paragraph 57, Defendant denies Plaintiff was subjected to any "sexual harassment" or "sexually harassing conduct," and denies the paragraph's remaining allegations.

58.     Answering Complaint paragraph 58, Defendant denies the paragraph's allegations.

59.     Answering Complaint paragraph 59, Defendant denies Plaintiff is entitled to the relief requested or any relief whatsoever, and denies the paragraph's remaining allegations.

60.     Answering Complaint paragraph 60, Defendant denies it perceived Plaintiff as disabled.  Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations.

61.     Complaint paragraph 61 contains legal conclusions to which no response is due.  To the extent a response is required, Defendant admits it is an entity subject to suit under the ADA, and denies the paragraph's remaining allegations.

62.     Complaint paragraph 62 contains legal conclusions to which no response is due.  To the extent a response is required, Defendant admits Plaintiff performed bat boy job duties, and denies the paragraph's remaining allegations.

63.     Answering Complaint paragraph 63, Defendant admits Vizquel did not sexually harass any bat boys, and denies the paragraph's remaining allegations.

64.     Answering Complaint paragraph 64, Defendant denies Plaintiff was subjected to any sexual harassment or "sexually harassing conduct," and denies the paragraph's remaining allegations.

65.     Answering Complaint paragraph 65, Defendant admits Plaintiff did not report the incident as described in the Complaint to Craven or allege it in his EEOC charge, denies Plaintiff was subjected to any "sexually harassing behavior," and denies the paragraph's remaining allegations.

66.     Answering Complaint paragraph 66, Defendant denies the paragraph's allegations.

67.     Answering Complaint paragraph 67, Defendant denies Plaintiff is entitled to the relief requested or any relief whatsoever, and denies the paragraph's remaining allegations.

68.     Answering Complaint paragraph 68, Defendant denies Vizquel is its agent.  Because the facts alleged in Complaint paragraph 68 were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

69.     Answering Complaint paragraph 69, Defendant denies the paragraph's allegations.

70.     Answering Complaint paragraph 70, Defendant admits Plaintiff did not report the incident as described in the Complaint to Craven or allege it in his EEOC charge, denies Plaintiff was subjected to any "sexually harassing behavior," and denies the paragraph's remaining allegations.

71.     Answering Complaint paragraph 71, Defendant denies the paragraph's allegations.

72.     Answering Complaint paragraph 72, Defendant denies the paragraph's allegations.

73.     Answering Complaint paragraph 73, Defendant denies Vizquel is its agent.  Because the facts alleged in Complaint paragraph 73 were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations

74.     Answering Complaint paragraph 74, Defendant denies Vizquel is its agent.  Because the facts alleged in Complaint paragraph 74 were never reported to Defendant or included in Plaintiff's EEOC charge, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations

75.     Answering Complaint paragraph 75, Defendant denies the paragraph's allegations.

76.     Answering Complaint paragraph 76, Defendant admits Plaintiff did not report the incident as described in the Complaint to Craven or allege it in his EEOC charge, denies Plaintiff was subjected to any "sexually harassing behavior," and denies the paragraph's remaining allegations.

77.     Answering Complaint paragraph 77, Defendant denies the paragraph's allegations.

78.     Answering Complaint paragraph 78, Defendant denies the paragraph's allegations.

79.     Answering Complaint paragraph 79, Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations.

80.     Answering Complaint paragraph 80, Defendant denies the paragraph's allegations.

81.     Answering Complaint paragraph 81, Defendant admits Plaintiff did not report the incident as described in the Complaint to Craven or allege it in his EEOC charge, denies Plaintiff was subjected to any "sexually harassing behavior," and denies the paragraph's remaining allegations.

82.     Answering Complaint paragraph 82, Defendant denies the paragraph's allegations.

In response to the "Prayer for Relief" and subparagraphs 1-5 immediately following that paragraph, Defendant denies Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are barred by the doctrines of waiver, consent, acquiescence, release, accord and satisfaction, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are untimely under the applicable limitations period and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because of his failure to satisfy the administrative prerequisites, jurisdictional or otherwise, to bringing some or all claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks back-pay, front-pay, or injunctive relief of any kind, Plaintiff is foreclosed from such equitable relief because of unclean hands and/or because he has not done equity, including but not limited to his failure to report the incident or participate in any investigation.

## SIXTH AFFIRMATIVE DEFENSE

Defendant at all relevant times maintained a policy prohibiting the type of conduct alleged in the Complaint, effectively investigated violations, and promptly and effectively punished and/or remedied violations, such policies and measures were known to Plaintiff, and Plaintiff unreasonably failed to take advantage of them.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination or harassment.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by his failure to make them the subject of a timely charge of discrimination filed with the EEOC.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred because they are outside the scope of his Charge of Discrimination filed with the EEOC.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not guilty of unlawful discrimination or harassment against Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiff is entitled to recovery of damages or relief in this action because he has failed to mitigate some or all of his alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant denies it is guilty of any conduct that would entitle Plaintiff to recover punitive damages and states Plaintiff's Complaint fails to state any claim for which punitive damages may be awarded.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

None of the unlawful acts alleged by Plaintiff occurred within the line and scope of any of Defendant's employees' employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant did not authorize, condone, or ratify any improper or unlawful conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent any claims are made under statutes with caps on relief, those caps are asserted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant did not take any adverse employment action against Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not regarded as, and has not been regarded as, an individual with a physical or mental impairment substantially limiting a major life activity.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff on the basis of any actual, recorded, or perceived disability.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff does not, and did not, have a record of a mental or physical impairment that substantially limits one or more major life activities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times and did not willfully violate Title VII, the ADA, or Alabama law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant avers that all personnel actions taken by Defendant with the respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff engaged in no protected activity, or, alternatively, pleading "mixed motive," Plaintiff would have been treated no differently even had he not engaged in the alleged protected activity

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

There is no "but for" causal connection between the alleged protected activity and the alleged adverse action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is foreclosed from recovering punitive damages because upper management had no actual knowledge of any unlawful conduct, and Plaintiff failed to report such conduct under the mechanism provided by Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not constructively discharged from his employment with

Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Vizquel was not Defendant's agent.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

None of the alleged illegal acts occurred, and, alternatively, none occurred within the line and scope of any employee's employment with Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant did not authorize, condone, or ratify any unlawful acts by any of its employees.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant, the White Sox, and Defendant Chisox Corp. do not constitute a "single employer" or an "integrated enterprise."

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and alleged damages sought are barred by the doctrine of after-acquired evidence.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant is not guilty of invasion of privacy.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant did not intrude upon the solitude or seclusion of Plaintiff or his private affairs or concerns.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that any conduct at issue was intentional or reckless, that the conduct was extreme and outrageous, or that the conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves all other defenses relating to Plaintiff's claims in his Complaint and reserves the right to assert additional defenses as they become known or available.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*/s/ K. Bryance Metheny*
K. Bryance Metheny
H. Carlton Hilson
Cayman L. Caven
ATTORNEYS FOR DEFENDANT
BIRMINGHAM BARONS, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email:  bmetheny@burr.com
Email:  chilson@burr.com
Email:  ccaven@burr.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the AJS system which will send notification of such filing to the following:

Jon C. Goldfarb (asb-5401-f58j)
L. William Smith (asb-8660-a61s)
Christina Malmat (asb-1214-y44q)
Lieselotte Carmen-Burks (asb-8304-t46e)
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
301 18th Street, North
Birmingham, Alabama  35203

F. Tucker Burge, Jr. (asb-4462-r80b)
BURGE & BURGE, P.C.
2001 Park Place, Suite 1350
Birmingham, Alabama  35203

Attorneys for Plaintiff


*/s/ K. Bryance Metheny*
OF COUNSEL