# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ASHTAIN O'NEAL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:21-cv-1082-ACA |
| | ) |
| **OMAR VIZQUEL,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT OMAR VIZQUEL'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Omar Vizquel ("Defendant" or "Vizquel") and submits the following for his Amended Answer to Plaintiff Ashtain O'Neal's ("Plaintiff" or "O'Neal") Complaint:

**I.  Introduction**

1. Defendant admits Plaintiff has asserted various causes of action including claims under Title VII, the Americans with Disabilities Act, as amended, and various state laws. Defendant denies that any action on his part gives rise to any liability or that Plaintiff is entitled to any relief whatsoever.

2. Defendant admits he was a former manager of the Birmingham Barons, LLC (the "Barons"), a minor league baseball organization. Defendant further admits Plaintiff was a bat boy for the Barons in 2019 and that Plaintiff has asserted this

action against Defendant, the Chicago White Sox (the "White Sox"), a major league baseball team, and the Barons. Defendant denies the paragraph's remaining allegations, including denying the Plaintiff is entitled to the requested relief or any relief whatsoever and demands strict proof thereof.

## II. Jurisdiction

3. Defendant admits jurisdiction and venue are proper in this Court. Defendant denies that any action on his part gives rise to any liability.

4. Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") dated February 7, 2020, admits the EEOC issued a Letter of Determination dated June 4, 2021, admits the EEOC issued a Right to Sue Notice dated June 23, 2021. Defendant denies any of the alleged sexual harassment and discriminatory acts occurred, denies the paragraph's remaining allegations and demands strict proof thereof.

## III. Parties

5. Defendant admits Plaintiff is a male over the age of nineteen. Defendant denies being told, observing or knowing Plaintiff had autism or any limitations or impairments in major life activities, including processing information, handling stressful situations, successfully maintaining interpersonal relations, and in activities such as driving and working, and therefore is without information

sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

6. Defendant admits, upon information and belief, Defendant Chicago White Sox, Ltd. ("the White Sox") employs fifteen or more employees and other Barons' players and coaches. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

7. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

8. Defendant admits the Barons employs fifteen or more persons and employed Plaintiff. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

9. Defendant admits he was the Barons team manager in 2019 and the White Sox employed him. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

10. Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

11. Defendant admits the Barons is a minor league baseball organization, the White Sox employs Barons' coaching staff and players, and the White Sox

employed Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

## IV. Statement of Facts

12. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

13. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

14. Defendant admits Plaintiff was a bat boy for the Barons in 2019. Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits Plaintiff performed bat boy job duties. Defendant denies being told, observing or knowing Plaintiff had autism or any limitations or impairments in major life activities, including processing information, handling stressful situations, and interacting with others, and therefore is without information sufficient to admit or deny the paragraph's

remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

16. Defendant admits Plaintiff performed bat boy job duties. Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

17. Defendant admits to winning 11 Gold Gloves and was a three-time All Star as a shortstop and began a coaching career following his retirement as a major league baseball player in 2012 including coaching first base and infield for the Detroit Tigers from 2014-2017. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

18. Admitted.

19. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

20. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

21. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

22. Defendant admits that he spoke to Plaintiff in the dugout during the 2019 season. Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

23. Denied.

24. Denied.

25. Denied.

26. Defendant denies being told, observing or knowing Plaintiff had autism or any limitations or impairments in major life activities, including processing information, handling stressful situations, and interpersonal relations, and therefore is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

27. Defendant admits bat boys performed various job duties in and around the locker room, coaches' offices, and clubhouse. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendant admits he did not expose his penis to any bat boys, staff, players, or anyone else. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

34. Defendant admits the allegations in this paragraph.

35. Defendant admits Plaintiff performed bat boy duties on August 22, 2019. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendant admits Plaintiff, Charles Poe and Wes Helms and others were in and around the clubhouse and laughed at some point during post-game on August 22, 2019. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

45. Defendant admits Mike Craven ("Craven") and others were in and around the clubhouse post-game on August 22, 2019, admits that Plaintiff did not report the incident as described in Plaintiff's Complaint to Craven or allege it in his EEOC charge. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

46. Defendant admits Adam Gutierrez ("Gutierrez") and others were in and around the clubhouse post-game on August 22, 2019, admits Plaintiff did not report the incident as described in Plaintiff's Complaint to Gutierrez or allege it in his EEOC charge. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

47. Defendant is without information sufficient to admit or deny the paragraph's allegations, and therefore denies the paragraph's allegations and demands strict proof thereof.

48. Denied.

49. Defendant is without information sufficient to admit or deny what an unidentified Detroit Tigers batboy tweeted in 2015, and therefore denies same and

demands strict proof thereof. Defendant denies the paragraph's remaining allegations, denies that any action on his part gives rise to any liability and demands strict proof thereof.

## V. Causes of Action

### Count I – Sexual Harassment and Constructive Discharge – White Sox and Barons

50. Denied.

51. Defendant denies Plaintiff was subjected to any hostile work environment or harassment by Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

52. Denied.

53. Defendant denies Plaintiff was subjected to any harassment by Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

54. Defendant denies Plaintiff was subjected to any misconduct by Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

55. Denied.

56. Denied.

57. Defendant denies Plaintiff was subjected to any harassment by Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

58. Denied.

59. Defendant denies Plaintiff is entitled to the relief requested or any relief whatsoever. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

### Count II – Disability Discrimination – White Sox and Barons

60. Defendant denies he perceived Plaintiff as disabled. Defendant is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the paragraph's remaining allegations and demands strict proof thereof.

61. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the corporate defendants are entities subject to suit under the ADA. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

62. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits Plaintiff performed bat boy job duties. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

63. Defendant admits Defendant did not subject any bat boys to any harassment. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

64. Defendant denies Plaintiff was subjected to any harassment by Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

65. Defendant denies Plaintiff was subjected to any harassment by Defendant. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

66. Denied.

67. Defendant denies Plaintiff is entitled to the relief requested or any relief whatsoever. Defendant denies the paragraph's remaining allegations and demands strict proof thereof.

### Count III – Invasion of Privacy – Vizquel, White Sox, and Barons

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

11

### Count IV – Outrage – Vizquel, White Sox, and Barons

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

### Count V – Neglect and/or Wanton Supervision, Training, and/or Retention – White Sox and Barons

78. Denied.

79. Defendant is without information sufficient to admit or deny what an unidentified Detroit Tigers batboy tweeted in 2015, and therefore denies same and demands strict proof thereof. Defendant denies the paragraph's remaining allegations, denies that any action on his part gives rise to any liability and demands strict proof thereof.

80. Denied.

81. Denied.

82. Denied.

**VI.  Prayer for Relief**

In response to the "Prayer for Relief" and subparagraphs 1-5 immediately following that paragraph, Defendant denies Plaintiff is entitled to the relief requested

or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of the Complaint not specifically admitted and demands strict proof thereof.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies Plaintiff was subjected to any misconduct, hostile work environment or harassment by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff's constitutional or federally or state protected rights were violated, abridged or denied to any extent by any action on Defendant's part.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are untimely under the applicable limitations period and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because of his failure to satisfy all conditions precedent before filling his Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because of his failure to satisfy the administrative prerequisites, jurisdictional or otherwise, to bringing some or all claims alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks back-pay, front-pay, or injunctive relief of any kind, Plaintiff is foreclosed from such relief because of his failure to report the incident or participate in any investigation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination or harassment.

## TENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by his failure to make them the subject of a timely charge of discrimination filed with the EEOC.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred because they are outside the scope of his Charge of Discrimination filed with the EEOC.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is not guilty of unlawful discrimination or harassment against Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiff is entitled to recovery of damages or relief in this action because he has failed to mitigate some or all of his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies he is guilty of any conduct that would entitle Plaintiff to recover punitive damages and states Plaintiff's Complaint fails to state any claim for which punitive damages may be awarded.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant did not participate in, authorize, condone, or ratify any improper or unlawful conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any claims are made under statutes with caps on relief, those caps are asserted.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not regarded as, and has not been regarded as, an individual with a physical or mental impairment substantially limiting a major life activity.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff on the basis of any actual, recorded, or perceived disability.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff does not, and did not, have a record of a mental or physical impairment that substantially limits one or more major life activities.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff was not constructively discharged from his employment.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and alleged damages sought are barred by the doctrine of after-acquired evidence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is not guilty of invasion of privacy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant did not intrude upon the solitude or seclusion of Plaintiff or his private affairs or concerns.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that any conduct at issue was intentional or reckless, that the conduct was extreme and outrageous, or that the conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant reserves all other defenses relating to Plaintiff's claims in his Complaint and reserves the right to assert additional defenses as they become known or available.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*/s/ John G. Dana*
JOHN G. DANA (ASB-0493-A52J)
JAMES A. STEWART (ASB-6201-E64S)

**OF COUNSEL:**
600 University Park Place, Suite 100
Birmingham, Alabama 35209
Telephone: (205) 874-7950
Facsimile: (205) 874-7960
jdana@gattorney.com
jstewart@gattorney.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this has been served upon the following by United States mail, first class postage prepaid and properly addressed, by facsimile or by Electronic Filing, on this the 1st day of October, 2021.

Jon C. Goldfarb
L. William Smith
Christina Malmat
Lieselotte Carmen-Burks
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
301 18th Street, North
Birmingham, Alabama 35203
Telephone: (205) 314-0548
Facsimile: (205) 314-0748
jcg@wigginsschilds.com
wsmith@wigginschilds.com
cmalmat@gmail.com
lcarmen-burks@wigginschilds.com
*Attorneys for the Plaintiff*

F. Tucker Burge, Jr.
BURGE & BURGE, P.C.
2001 Park Place, Suite 1350
Birmingham, Alabama 35203
Telephone: (205) 251-9000
Facsimile: (205) 323-0512
ftb@burge-law.com
*Attorney for the Plaintiff*

K. Bryance Metheny
H. Carlton Hilson
Cayman L. Caven
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
bmetheny@burr.com
chilson@burr.com
ccaven@burr.com
*Attorneys for Defendant Birmingham Barons, LLC*

Kimberly W. Geisler
William E. Stevenson
Scott Dukes & Geisler, P.C.
211 Twenty-Second Street North
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Facsimile: ((205) 251-6773
kgeisler@scottdukeslaw.com
wstevenson@scottdukeslaw.com
*Attorneys for Defendants Chicago White Sox, Ltd. &
Chisox Corporation*

        */s/ John G. Dana*
        OF COUNSEL