IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASHTAIN O'NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>OMAR VIZQUEL, BIRMINGHAM BARONS, LLC, CHICAGO WHITE SOX, LTD, AND CHISOX CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:21-CV-01082-ACA |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was held on October 13, 2021, and was attended by Will Smith on behalf of Plaintiff, H. Carlton Hilson on behalf of Defendant Birmingham Barons, LLC, Kimberly W. Geisler on behalf of Defendants Chicago White Sox, Ltd. and Chisox Corporation, and John Dana on behalf of Defendant Omar Vizquel.

    1.    **Nature of the Case**.

    **Plaintiff's Position**:

The plaintiff, Ashtain O'Neal, brings this action against the Chicago White Sox, a major league baseball team, the Birmingham Barons, the White Sox's Class AA affiliate, and Omar Vizquel, the former manager of the Barons. Together, the White Sox and Chisox Corp (the "White Sox entities") and the Barons are highly

integrated with respect to ownership and operations and thus constitute a "single employer" or an "integrated enterprise" for the purpose of establishing liability under Title VII and the ADA. Against the White Sox entities and the Barons, Mr. O'Neal brings a claim for sexual harassment and constructive discharge under Title VII. Also against the White Sox entities and the Barons, Mr. O'Neal brings a claim for disability discrimination arising from Vizquel's targeting of Plaintiff for sexual harassment because of his disability. Plaintiff brings a claim against all Defendants under Alabama state law invasion of privacy, outrage, and negligent and/or wanton supervision, training, and/or retention arising from Vizquel's sexual harassment of Plaintiff.

Omar Vizquel sexually harassed Plaintiff during his employment as a Barons batboy in 2019. Vizquel targeted Plaintiff for sexual harassment because of his disability. Vizquel repeatedly exposed his erect penis to Plaintiff and forced Plaintiff to wash his back in the shower. Rather than remedy the situation, Plaintiff's supervisors and Vizquel's fellow coaches laughed at the sexual harassment, further compounding the trauma and humiliation of the sexual harassment Plaintiff experienced. Plaintiff was constructively discharged from his employment.

Through this action Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, punitive damages, and reasonable attorney fees and costs.

**Defendant Birmingham Barons' Position**:

Defendant Birmingham Barons, LLC ("the Barons") deny Plaintiff was subjected to unlawful sex or disability-based harassment or discrimination or was otherwise treated unlawfully. The Barons never authorized, condoned, or ratified any of the misconduct alleged in the Complaint. The Barons maintain effective Equal Employment Opportunity and anti-harassment policies prohibiting all forms of discrimination, harassment, and retaliation and Plaintiff unreasonably failed to take advantage of such policies. Rather than report the incident alleged in his Complaint, Plaintiff admits he laughed about the alleged incident. Nonetheless, the Barons conducted a prompt investigation after first learning of Plaintiff's allegations through a social media post. Plaintiff, however, failed to participate in the Barons' investigation or respond to the Barons' attempts to contact him and did not report to work following the incident alleged in his Complaint. Plaintiff never worked with Mr. Vizquel after the alleged incident and the Barons deny Plaintiff was subjected to any adverse employment action at any time whatsoever.

The Barons deny the defendants in this action are a "single employer" or an "integrated enterprise" and deny they ever employed Mr. Vizquel. The Barons further contend that Plaintiff failed to exhaust his administrative remedies for some claims and/or allegations asserted in his Complaint.

The Barons deny Plaintiff is entitled to any relief for the claims made in his Complaint or otherwise. The Barons incorporate by reference into this paragraph all other affirmative defenses to Plaintiff's Complaint as set forth in the Barons' Answer.

**<u>Defendants Chicago White Sox, Ltd. and Chisox Corporation's Position</u>**:

The Chicago White Sox prohibit all forms of discrimination, harassment, and hazing and never authorized, condoned, or ratified any of the misconduct alleged in the Complaint. To the contrary, after first learning of Mr. O'Neal's claim of hazing, the Chicago White Sox acted promptly and took remedial action to prevent unacceptable conduct in the future. Specifically, in early September 2019, the Chicago White Sox learned Mr. O'Neal had made a Facebook post wherein he alleged he was a "victim of hazing" on August 22, 2019. Upon learning of the Facebook post, an immediate investigation was conducted. Mr. Vizquel's employment was terminated on September 12, 2019, following the investigation.

Furthermore, Title VII claims may only be brought against the employer (or former employer) of the plaintiff. Mr. O'Neal was employed solely by the Birmingham Barons. Contrary to the allegation in the Complaint, the defendants in this action do not constitute "a single employer" or an "integrated enterprise." Therefore, Mr. O'Neal's claims under Title VII fail for that reason alone. Additionally, before any Title VII claims can be pursued in federal court, the claims

must first be raised in a timely-filed EEOC Charge of Discrimination. The Chicago White Sox were never named in any Charge filed with the EEOC. Rather, when the EEOC Charge was filed in February 2020, it named only the Birmingham Barons as Mr. O'Neal's employer. Further, in the EEOC Charge, only the one incident of alleged harassment on August 22, 2019 is detailed, not the broad scope of allegations made in the Complaint. The White Sox further incorporate by reference all affirmative defenses to Plaintiff's Complaint as set out in their Answer and Affirmative Defenses.

**Defendant Omar Vizquel's Position**:

Defendant Omar Vizquel ("Vizquel") denies that any action on his part gives rise to any liability or that Plaintiff is entitled to any relief whatsoever. Vizquel never sexually harassed, discriminated against, targeted, hazed or committed any unlawful act against or toward the Plaintiff. Vizquel was never told, never observed and never knew Plaintiff had any alleged disability when Plaintiff was a Barons batboy in 2019. Plaintiff was not forced to wash Vizquel's back in the shower at any time. Vizquel's employment with the White Sox terminated amicably after the 2019 season ended after the White Sox investigated Plaintiff's Facebook social media post whereby Plaintiff claimed he was a victim of hazing on August 22, 2019. Vizquel further incorporates by reference into this paragraph all other affirmative

defenses to Plaintiff's Complaint as set forth in Vizquel's Answer and Amended Answer.

2. **Discovery Plan**.

a. Without waiver of objections, discovery will be needed on the following subjects: Plaintiff's claims and all other allegations in Plaintiff's Complaint; Defendants' defenses and matters incidental thereto; Plaintiff's alleged damages, defenses thereto, and mitigation thereof.

b. The parties will exchange by **October 29, 2021**, the information required by Fed. R. Civ. P. 26(a)(1).

c. All discovery will be commenced in time to be completed by **August 31, 2022**. The parties consent to service of discovery by electronic means, such as e-mail.

d. Maximum of **40 Interrogatories** by each party to each other party. Responses due 30 days after service.

e. Maximum of **40 Requests for Production** by each party to each other party. Responses due 30 days after service.

f. Maximum of **25 Requests for Admissions** by each party to each other party. Responses due 30 days after service.

g. Maximum of **10 depositions** by each party**,** with a maximum time limit of one day of seven (7) hours per deposition, exclusive of breaks, unless extended by agreement of the parties.

h. **Reports from retained experts under Rule 26(a)(2) due:**

  i. From Plaintiff by: **June 15, 2022.**

  ii. From Defendants by: **June 30, 2022.**

3. **Electronically Stored Information**: To the extent it exists, relevant, non-privileged electronic information will be produced by the parties in PDF format to enable the parties to exchange discoverable information without undue burden or costs. A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF only upon agreement by the parties or upon a ruling by the Court for such information in that format. To the extent that electronically stored information is searchable in the regular course of business, it will be produced in searchable .pdf format.

4. **Production of Privileged Materials**: A party who inadvertently produces privileged electronic or computer-based information without intending to waive the privilege associated with such information may, within ten (10) days after the producing party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other party that such information was inadvertently produced and should have been withheld as privileged. Once the

producing party provides such notice to the requesting party, the requesting party must promptly return the specified information and any copies thereof and may not use it until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

5. **Other Items:**

   a. The parties do not request a conference with the Court before entry of the Scheduling Order.

   b. The parties request a pretrial conference be set in this action no later than **45** days prior to the trial date**.**

   c. Plaintiff should be allowed until **December 28, 2021,** to join additional parties and to amend the pleadings.

   d. Defendants should be allowed until **January 11, 2022,** to join additional parties to amend the pleadings.

   e. All potentially dispositive motions should be filed by **September 28, 2022.**

   f. The parties are receptive to mediation but do not request Court ordered mediation at this time. The usefulness of Alternative Dispute Resolution procedures cannot be evaluated until the parties exchange initial disclosures and engage in discovery.

g. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due **30** days prior to the trial date. Parties should have **14** days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

h. This case should be ready for trial after ruling on dispositive motions and at this time is expected to take approximately **4-5** days.

i. The parties agree that prior to issuing any subpoena to a third-party, pursuant to Rule 45 of the Federal Rules of Civil Procedure; the issuing party shall provide a draft-copy of the subpoena to the other parties three (3) business days prior to sending the subpoena.

THIS WILL CERTIFY THAT ALL PARTIES HAVE AGREED TO THE ABOVE. FURTHER, THE PARTIES HAVE AGREED THAT BURR FORMAN WILL E-FILE THE FOREGOING *REPORT OF PARTIES' PLANNING MEETING*.

*/s/ Jon C. Goldfarb*
Jon C. Goldfarb
L. William Smith
Christina Malmat
Lieselotte Carmen-Burks
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
301 18th Street, North
Birmingham, Alabama  35203

F. Tucker Burge, Jr.
BURGE & BURGE, P.C.
2001 Park Place, Suite 1350
Birmingham, Alabama  35203

ATTORNEYS FOR PLAINTIFF

*/s/ H. Carlton Hilson*

K. Bryance Metheny
H. Carlton Hilson
Cayman L. Caven
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203

ATTORNEYS FOR DEFENDANT
BIRMINGHAM BARONS, LLC


*/s/ Kimberly W. Geisler*

Kimberly W. Geisler
William E. Stevenson
SCOTT DUKES & GEISLER, P.C.
211 22nd Street North
Birmingham, Alabama 35203

ATTORNEYS FOR DEFENDANTS CHICAGO WHITE SOX, LTD. & CHISOX CORPORATION


*/s/ John G. Dana*

John G. Dana
GORDON, DANA & GILMORE, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209
ATTORNEY FOR DEFENDANT OMAR VIZQUEL